THE STATE OF OHIO, APPELLEE, *v.* STRODES, APPELLANT.

(No. 906—Decided December 10, 1974.)

*Mr. James A. Berry,* prosecuting attorney, and *Mr. James P. Hunter, Jr.,* for appellee.

*Mr. James R. Warren,* for appellant.

CRAWFORD, P. J. Defendant was found guilty and sentenced for the aggravated robbery of John E. Fent, committed on January 11, 1974. His first assignment of error on appeal is the overruling of his pre-trial motion to sup-

press his identification by John E. Fent. While he was being held in jail on a charge of receiving and concealing stolen property, but before being charged with the robbery, police officers conducted him about the area where he was visible to Fent, who recognized him. Defendant was the only witness at the hearing of his motion to suppress Fent's identification testimony. He testified that at the time he was in Fent's presence, he was being held in jail on the charge of receiving and concealing stolen property, and stated: "Next day I received this warrant for this robbery charge."

In *Kirby* v. *Illinois* (1972), 406 U. S. 682, it was stated at 683 that "the *per se* exclusionary rule of *United States* v. *Wade*, 388 U. S. 218, and *Gilbert* v. *California*, 388 U. S. 263, did not apply to pre-indictment confrontations." In the course of the opinion, the court said, at 684:

"In the present case we are asked to extend the *Wade-Gilbert per se* exclusionary rule to identification testimony based upon a police station showup that took place *before* the defendant had been indicted or otherwise formally charged with any criminal offense."

It may well be argued that in a showup where the defendant alone is observed by the witness, there is more likelihood of suggestive identification than when he is only one of several persons who may more or less resemble him. However, the court in *Kirby* pointed out the importance of the difference in time and circumstance by saying, at 689, 690:

"The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law. It is this point, therefore, that marks the commencement of the 'criminal prosecutions' to which alone the explicit guarantees of the Sixth Amendment are applicable. * * *

"In this case we are asked to import into a routine police investigation an absolute constitutional guarantee historically and rationally applicable only after the onset of formal prosecutorial proceedings. * * *''

To similar effect is *Neil* v. *Biggers* (1972), 409 U. S. 188. The court there stated:

"But as *Stovall* makes clear, the admission of evidence of a showup without more does not violate due process." (Page 198.)

The court in that case goes on to say that each case must be considered on its own facts, to the end that it must be determined whether, under the "totality of the circumstances," the identification was reliable, even though the confrontation procedure was suggestive. The reliability of the identification in this case is sufficiently shown that, despite certain inconsistencies of description as appear in greater or lesser degree in almost any case, the court was justified in admitting the identification evidence.

The second assignment of error concerns the permitting of evidence of defendant's connection with prostitution. Some reference to that subject was made in his answers to questions upon cross-examination as to what he did for a living and what he did on the night of the robbery. These are proper and logical questions and were not objected to. Not until counsel for the state attempted to inquire further along the same line did the defendant object. Although the objection was overruled, the subject was not pursued. We find no merit in this assignment.

The third assignment of error contains the standard objection that the verdict and judgment were against the manifest weight of the evidence. We find it to be without merit.

No error prejudicial to the defendant appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*

KERNS and SHERER, JJ., concur.